UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                          )
MANIJEH DAROUDI, *et al.*,                )   No. C13-1561RSL
                                          )
                       Plaintiffs,        )
         v.                               )
                                          )   ORDER DENYING DEFENDANTS'
BANK OF AMERICA, *et al.*,                )   MOTION TO DISMISS
                                          )
                       Defendants.        )
_____)

This matter comes before the Court on "Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)." Dkt. # 4. Defendants argue that plaintiffs' claims should be dismissed because they do not satisfy the federal notice pleading requirements as interpreted in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007).

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court's review is generally limited to the contents of the complaint. <u>Campanelli v. Bockrath</u>, 100 F.3d 1476, 1479 (9th Cir. 1996). The Court may, however, consider documents referenced extensively in the complaint, documents that form the basis of plaintiffs' claim, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted. <u>United States v. Ritchie</u>, 342 F.3d 903, 908-09 (9th Cir. 2003). Where consideration of additional documents is appropriate, the allegations of the complaint and the contents of the documents are accepted as true and construed in the light most favorable to

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS

plaintiff. In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). No claim should be dismissed unless the complaint, taken as a whole, fails to give rise to a plausible inference of actionable conduct. Twombly, 550 U.S. at 556.

Defendant has placed before the Court a number of documents, only two of which are referenced extensively in the complaint and/or form the basis of plaintiffs' claims. The Court has therefore considered only the deed of trust for the second loan (Decl. of Christopher G. Varallo (Dkt. # 5), Ex. B) and the November 18, 2005, assignment of that deed of trust to First Franklin Financial Corporation (Decl. of Christopher G. Varallo (Dkt. # 5), Ex. D) when determining whether the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct. The Court has not considered the articles submitted by plaintiffs with their response.

Defendants argue that plaintiffs' claims are inadequately plead because they have not provided any documentation in support of their factual allegations. Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs are not, as defendants would have it, required to prove their allegations or to provide documentary evidence at this point. Rather, they must simply avoid labels, conclusions, and formulaic recitations of the elements of a cause of action in favor of factual allegations that are "enough to raise a right to relief above the speculative level." Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 234-236 (3rd ed. 2004) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Plaintiffs allege that, on or about May 12, 2005, plaintiffs borrowed $105,400.00 from First Franklin. The parties executed a promissory note which obligated First Franklin to reconvey the deed of trust when the debt was paid in full and a deed of trust which secured the

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS                                    -2-

1  loan.  During the relevant period of time, defendant Bank of America was the loan servicer.  In
2  October 2010, Bank of America sent plaintiffs a letter stating that the loan had been paid in full.
3  Plaintiffs, believing that the loan had been paid off as part of a federal settlement of First
4  Franklin's assets, stopped making payments on the loan.  The deed of trust submitted by
5  defendants with their motion is emblazoned with a "PAID IN FULL" stamp, and neither Bank
6  of America nor any other entity ever informed plaintiffs that there were amounts still owing or
7  that they were otherwise in default.  Nevertheless, title to the property was not reconveyed to
8  plaintiffs.  Plaintiffs were unaware of this fact until they attempted to sell the property in March
9  2013.  Since that time, plaintiffs have contacted First Franklin and Bank of America in order to
10 remove the encumbrance on their title.  First Franklin is apparently no longer in existence,
11 however, and routed inquiries to Bank of America.  Bank of America has been unwilling or
12 unable to provide any information regarding the loan, its role now that First Franklin is no
13 longer in existence, and/or reconveyance of the deed of trust.  Based on information and belief,
14 plaintiffs allege that the beneficial interest in the loan was assigned to either Bank of America or
15 PNC Bank when First Franklin's assets were dispersed.
16         Defendants argue that these allegations do not adequately state a claim for breach
17 of contract and/or quiet title.  Plaintiffs have, however, identified a promise, a breach, and
18 compensable injury for purposes of a contract claim.  They have also alleged that the underlying
19 debt has been paid in full and facts from which it is at least plausible that they are entitled to
20 clear title to the property.  To the extent defendants disagree with the factual assertions
21 regarding the existence of a promise and/or payment of the debt,[1] such disputes must be resolved

---

[1] Defendants insist that plaintiffs' claims are implausible because they have not alleged that they paid the outstanding balance on the loan.  Debts are often retired through payments by a third party, however, such as when a homeowner refinances or obtains insurance proceeds after a fire.  Plaintiffs' allegations regarding a third-party payment of the debt does not render their claims implausible, especially in light of the "PAID IN FULL" stamp on the deed of trust.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS                    -3-

1 in the context of a motion for summary judgment, not a motion to dismiss.

2     Having reviewed the allegations of the complaint, the Court finds that they are sufficient to provide 'fair notice' of the nature of plaintiffs' claims against both defendants and the 'grounds' on which the claims rest. See Twombly, 550 U.S. at 555 n.3. Defendants' motion to dismiss is therefore DENIED.

         Dated this 9th day of December, 2013.

                                    *signature*
                                    Robert S. Lasnik
                                    United States District Judge

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS                        -4-