UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                          )
MANIJEH DAROUDI, *et al.*,                )   No. C13-1561RSL
                                          )
              Plaintiffs,                 )
      v.                                  )
                                          )   ORDER GRANTING DEFENDANTS'
BANK OF AMERICA, *et al.*,                )   MOTION TO ENFORCE
                                          )   SETTLEMENT AGREEMENT
              Defendants.                 )
_____)

## INTRODUCTION

This matter comes before the Court on "Defendants' Motion to Enforce Settlement Agreement." Dkt. # 19. This case arises out of plaintiffs' $105,400.00 loan from First Franklin Financial Corporation. On or about May 12, 2005, plaintiffs executed a promissory note which obligated First Franklin to reconvey the deed of trust when the debt was paid in full and a deed of trust which secured the loan. In October 2010, Bank of America, the loan servicer, sent plaintiffs a letter stating that the loan had been paid in full. Relying on this letter, plaintiffs stopped making payments on the loan. Plaintiffs were unaware that title to the property had not been reconveyed to them until they attempted to sell the property in March 2013. Plaintiffs filed this lawsuit in King County Superior Court against Bank of America and PNC Bank (collectively "defendants"), asserting claims for breach of contract and/or quiet title. Compl. (Dkt. # 1-1). Defendants timely removed the case to this Court on the basis of diversity

ORDER GRANTING DEFENDANTS'
MOTION TO ENFORCE
SETTLEMENT AGREEMENT

jurisdiction under 28 U.S.C. § 1332.  Notice of Removal (Dkt. # 1).

Defendants contend that the parties reached an agreement to settle this matter and they now seek an order enforcing that agreement.  Plaintiffs respond that there was no agreement.  Having reviewed the parties' memoranda and supporting documents, the Court finds the following:

## DISCUSSION

A district court has "power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it."  In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994) (quoting Autera v. Robinson, 419 F.2d 1197, 1200 (D.C. Cir. 1969)).  A settlement agreement is a contract and thus, this Court relies on Washington contract law to determine whether an enforceable settlement agreement exists.  Jeff D. v. Andrus, 899 F,2d 753, 759 (9th Cir. 1989).  To be bound by an agreement, the parties must objectively manifest their mutual assent to the essential terms.  Yakima Cnty. Fire Prot. Dist. No. 12 v. City of Yakima, 122 Wn.2d 371, 388 (1993).  A party manifests assent to an agreement when the reasonable meaning of a person's words and acts, notwithstanding any subjective reservations of intent, indicates assent.  City of Everett v. Sumstad's Estate, 95 Wn.2d 853, 855-56 (1981).  The stated terms must be complete and definite enough for the Court to ascertain their meaning and to fix the parties' contractual liabilities.  Keystone Land & Dev. Co. v. Xerox Corp., 152 Wn2d 171, 178 (2004).  Under Washington law, a contract is binding on the parties when the intention of the parties is plain and the parties or their counsel agree on the terms of the contract even if one or both parties contemplated signing a more formal writing in the future.  Veith v. Xterra Wetsuits, L.L.C., 144 Wn. App. 362, 366 (2008); Morris v. Maks, 69 Wn. App. 865 (1993).

Between October 2013 and early March 2014, counsel for the parties exchanged several emails and telephone calls regarding settlement.  Viewing the evidence in the light most

ORDER GRANTING DEFENDANTS'
MOTION TO ENFORCE
SETTLEMENT AGREEMENT                                    -2-

favorable to plaintiffs, the Court finds that the parties agreed to the following material terms:

- Plaintiffs would dismiss their complaint with prejudice.  Decl. of Christopher G. Varallo (Dkt. # 16), Exs. B, I.
- Bank of America would discharge the underlying debt and record a substitution of trustee and full reconveyance of the property.  Id., Exs. B, E, G.
- Defendants would pay plaintiffs $10,000 in attorney's fees.  Id., Ex. H.
- Plaintiffs' counsel would provide a W-9 for his law firm, but plaintiffs would not be required to submit W-9 forms.  Decl. of Jodi McCormick (Dkt. # 17), Ex. B.
- The settlement agreement would not include a confidentiality provision or a non-disparagement provision.  Id., Ex. B.

In October 2013, plaintiffs' counsel informed defendants' counsel that plaintiffs would settle the case if defendants discharged the $105,400.00 debt and the accompanying lien on plaintiffs' property.  Decl. of Christopher Varallo (Dkt. # 16), Ex. B.  In early January 2014, defendants agreed to these terms and began the process of recording a satisfaction of the debt.  Id., Ex. E.  A few days later, plaintiffs' counsel sent defendants' counsel an email stating "[a]s long as the attorney's fees are included and the entire matter is wrapped up by the end of the month, we have a deal."  Id., Ex. F.  This was the first time either party mentioned attorney's fees as part of the settlement.  Counsel for defendants sent plaintiffs' counsel the recorded substitution of trustee and full reconveyance of the property via e-mail on January 23, 2014.  He told plaintiffs' counsel a few days later that defendants had accepted plaintiffs' offer regarding attorney's fees and agreed to pay $10,000.  Id., Exs. G, H.  Even though plaintiffs' counsel did not see the need for a formal written agreement, defendants' counsel told him that defendants would likely require a written agreement.  He also explained that payment of the funds generally takes less than 30 days, but the funds would not be available the next day, plaintiffs' stated deadline.  Id., Ex. I.  Plaintiffs' counsel accepted that it could take time to arrange for payment,

ORDER GRANTING DEFENDANTS'
MOTION TO ENFORCE
SETTLEMENT AGREEMENT             -3-

1 but demanded that the settlement agreement be finalized before the middle of February and that
2 payment be made by February 28, 2014.  Id., I.

3      On February 5, 2014, defendants' counsel provided plaintiffs' counsel a draft settlement
4 agreement for review.  Decl. of Jordan Hecker (Dkt. # 20-1), Ex. 1.  The attorneys exchanged
5 comments and proposed revisions to the draft agreement.  Id., Exs. 2, 3.  After plaintiffs
6 proposed revisions to the agreement, defendants proposed edits that included addition of the
7 confidentiality and non-disparagement provisions that plaintiffs had removed.  Id.  In the middle
8 of February 2014, plaintiffs' counsel informed defendants' counsel that the parties had reached
9 impasse with respect to settlement and they planned to file a motion to compel outstanding
10 discovery responses.  Decl. of Jodi McCormick (Dkt. # 17), ¶ 4.  However, the parties agreed to
11 continue settlement discussions on February 18, 2014.  After defendants' counsel accidentally
12 missed the call, plaintiffs filed a motion to compel.  The parties agreed to talk later that day.
13 During that call, plaintiffs' counsel agreed to settle the matter if defendants would agree to
14 remove the confidentiality and non-disparagement clauses from the written agreement, pay
15 $10,000 in attorney's fees, and not require W-9 forms from plaintiffs.  Id., ¶ 7.  On February 24,
16 2014, defendants' counsel sent plaintiffs' counsel an e-mail informing plaintiffs' counsel that
17 defendants had accepted that offer.  Her email clearly indicated that "[f]rom [defendants']
18 perspective, we have a deal."  Id., Ex. B.  The email included a revised settlement agreement
19 reflecting these terms.  Id.  Plaintiffs' counsel did not respond to this email, but told defendants'
20 counsel on March 5, 2014, that there was no agreement.  Id., ¶ 12.

21      Plaintiffs oppose enforcement of the settlement agreement because the final proposed
22 agreement by defendants lacks a date certain for payment of attorney's fees and the payment
23 provision does not reflect the total amount of attorney's fees.  Opposition (Dkt. # 20) at 7.
24 These arguments are not persuasive based on the record.  There is no suggestion that the parties
25
26 ORDER GRANTING DEFENDANTS'
    MOTION TO ENFORCE
    SETTLEMENT AGREEMENT              -4-

1 ever agreed to payment by a set date.  Furthermore, the latest draft settlement agreement
2 provided for payment within 10 business days of the latest of three events.[1]  Decl. of Jodi
3 McCormick (Dkt. # 17), Ex. B.  In addition, the agreement clearly states that defendants would
4 pay $10,000 in attorney's fees pursuant to the parties' agreement.  Id.  The evidence, even when
5 viewed in the light most favorable to plaintiffs, shows that the parties entered into an
6 enforceable agreement that defendants would pay $10,000 in attorney's fees.

7 While plaintiffs argue that they terminated settlement discussions in mid-February, the
8 record reveals that on February 12, 2014, plaintiffs' counsel told defendants' counsel "I will
9 keep talking, but I will also be pursuing the discovery that is well past due."  Decl. of Jordan
10 Hecker (Dkt. # 201-1), Ex. 4.  Plaintiffs contend that there was a misunderstanding regarding
11 the parties' settlement discussions after February 12, 2014, and they never agreed to the terms
12 identified by defendants' counsel during the February 18, 2014, telephone conversation.  Dkt. #
13 20 at 5.  Although the e-mail correspondence does not reflect plaintiffs' offer to settle pursuant
14 to those terms, defendants have provided evidence, in the form of a declaration from counsel
15 based on her personal knowledge, that during that call, "[p]laintiffs' counsel indicated that he
16 would agree to settle the matter for payment of $10,000 provided the confidentiality and non-
17 disparagement clauses were removed from the settlement agreement and Plaintiffs would not be
18 required to submit W-9 forms."  Decl. of Jodi McCormick (Dkt. # 17), ¶ 7.  This declaration
19 was submitted before plaintiffs' response was due, yet plaintiffs did not provide any

---

[1] These three events were (1) defendants' counsel's receipt of an executed copy of the settlement agreement from plaintiffs, (2) defendants' counsel's receipt of a W-9 for plaintiffs' counsel's firm, and (3) defendants' counsel's receipt of an executed stipulation of dismissal with prejudice.  Decl. of Jodi McCormick (Dkt. # 17), Ex. B.  Because plaintiffs' counsel had already provided the requisite W-9 form, payment would occur within 10 business days from the date on which defendants' counsel had received both an executed copy of the settlement agreement and an executed stipulation of dismissal.

ORDER GRANTING DEFENDANTS'
MOTION TO ENFORCE
SETTLEMENT AGREEMENT                    -5-

1 countervailing evidence regarding the content of the February 18, 2014, conversation.
2 Furthermore, plaintiffs' counsel agreed to payment of attorney's fees in the amount of $10,000
3 in January 2014, and there is no evidence that plaintiffs' counsel ever repudiated that agreement.
4 Decl. of Christopher Varallo (Dkt. # 16), Ex. H.

## CONCLUSION

For all of the foregoing reasons, defendants' motion to enforce the settlement agreement (Dkt. # 19) is GRANTED.  The parties shall satisfy any outstanding obligations, including payment to plaintiffs' attorney in the amount of $10,000.

DATED this 28th day of April, 2014.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS'
MOTION TO ENFORCE
SETTLEMENT AGREEMENT              -6-